IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| PATRICK A. WHITE,<br><br>Plaintiff,<br><br>vs.<br><br>TEXAS STATE COURTS, e.g., THE SUPREME COURT OF TEXAS AND THE TEXAS STATE PAROLE BOARD,<br><br>Defendants. | Cause No. CV 13-00081-BLG-SEH-CSO<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Patrick White, an inmate confined in Texas, proceeding without counsel, has submitted a complaint against both Texas state courts, e.g., the Supreme Court of Texas and the Texas State Parole Board. *DKT 1*. White does not appear to have any relationship with Montana. White did not pay the $400.00 filing fee and did not submit an application to proceed in forma pauperis. Because this action is subject to dismissal pursuant to 28 U.S.C. § 1915(g), the Court will not

1

direct White to pay the fee or file a motion for leave to proceed in forma pauperis.

Permission to proceed in forma pauperis is discretionary with the Court. *See* 28 U.S.C. § 1915(a). 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

White has filed three or more prisoner civil rights actions which have been dismissed as frivolous, malicious, or for failure to state a claim. *See Patrick A. White, Sr., v. Steven Green, et al.*, No. 5:00-CV-00323-OLG (W.D. Tex. 2000) (dismissed April 3, 2001 as frivolous, no appeal was taken); *Patrick Arnold White, Sr., v. State of Texas, et al.*, No. 5:10-CV-00083-OLG (W.D. Tex. 2000) (dismissed March 31, 2010 as frivolous and for failure to state a claim, appeal dismissed October 4, 2010); *Patrick Arnold White v. Texas Department of Criminal Justice, et al.*, No. 4:10-CV-1625 (S.D. Tex. 2010) (dismissed May 11, 2010 as frivolous, malicious, and for failure to state a claim, no

appeal taken; and *Patrick Arnold White v. Orlando Garcia, et al.*, No. 2:10-CV-00137-J-BB (N.D. Tex. 2010) (dismissed August 12, 2010 as frivolous, malicious, and for failure to state a claim; no appeal taken).

White has exceeded the three "strikes" allowed by the Prison Litigation Reform Act to a prisoner attempting to proceed in forma pauperis in a federal civil lawsuit. As such, he cannot proceed in forma pauperis in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of Section 1915(g). White's allegations are not credible, appear to be delusional, and do not plausibly support a finding that he is in "imminent danger of serious physical injury."

Ordinarily litigants are given a period of time to pay the $400.00 filing fee, but White should not be allowed to do so given his abusive litigation practices. He should have known he could not submit additional complaints without paying the filing fee or demonstrating imminent danger of serious physical harm.

White is not entitled to a ten-day period to object. *Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam). No motion for reconsideration will be entertained.

Based upon the foregoing, the Court issues the following:

**RECOMMENDATION**

White should not be allowed to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g). The Clerk of Court should be directed close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DATED this 17th day of June, 2013.

/s/ *Carolyn S. Ostby*
United States Magistrate Judge